OPINION
{¶ 1} Appellant, Alexas L. Kelly, appeals a Fayette County Court of Common Pleas decision regarding the disposition of a claim against the estate of Louise H. Townsend by the executor of the estate, appellee, Thomas Townsend. We reverse the decision of the trial court and remand the matter for further proceedings.
 {¶ 2} Louise Townsend died testate in November 2001. Her will was admitted into probate. Louise named her son, appellee, executor of her estate. Louise's will bequeathed specific items to appellee and appellant, who is Louise's granddaughter. Louise devised and bequeathed the rest of her estate to Huntington National Bank ("Bank") in a testamentary trust for the benefit of both appellee and appellant.
 {¶ 3} In February 2002, appellee filed a claim (hereinafter "the Claim") against the estate for $150,000 for work, labor and materials that he asserted were used to improve a 54-acre farm in Louise's estate. The trial court appointed an administrator to represent the estate as to the Claim. The Bank received notice of the Claim, but was not appointed as trustee of the estate by the trial court.
 {¶ 4} Following a hearing, the trial court found that the Claim should be allowed, and awarded appellee $122,756.84. Appellant appeals this decision raising two assignments of error.
 Assignment of Error No. 1 {¶ 5} "The Trial Court erred to the prejudice of appellant as a matter of law in refusing to appoint the Huntington National Bank as a Trustee as directed by the will of Louise H. Townsend so as to permit the bank to actively participate in the defense of the estate of Mrs. Townsend against the claim of the executor."
 {¶ 6} Appellant maintains that the Bank should have been made a party to the Claim. She argues that pursuant to R.C. 2117.02, the trial court erred in not appointing the Bank trustee of the estate so that it could "participate in the hearings and to effectively represent itself as to the validity of the claim."
 {¶ 7} R.C. 2117.02 provides that "[a]ll persons named in the order shall be parties to the proceeding, and any other person having an interest in the estate may be made a party." In her will, Louise named the Bank trustee of the remaining property in her estate. Therefore, pursuant to R.C. 2117.02, the Bank, having an interest in the estate as testamentary trustee, is a necessary party to the Claim proceeding.
 {¶ 8} We find the trial court erred in not appointing the Bank trustee of the remaining property in the estate. Appellant's first assignment of error is sustained. The case is remanded to the trial court for it to appoint Huntington National Bank as the trustee of the estate and for the trial court to conduct a new trial.
 Assignment of Error No. 2 {¶ 9} "The Trial Court erred to the prejudice of appellant in allowing the executor's claim against his mother's estate in the amount of $112,756.84."
 {¶ 10} Based upon the fact that we are remanding this matter for a new trial, the second assignment of error is rendered moot.
Judgment reversed and case remanded.
Young, P.J., and Walsh, J., concur.